**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GERSON CASTRO-CABRRERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2913-G** |
| | ) | |
| **WARDEN FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Gerson Castro-Cabrrera, a noncitizen[1] and Salvadorean national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

**I. Background**

Petitioner, a citizen of El Salvador, entered the United States before July 9, 2026. *See* Pet. at 4 (alleging he was detained on July 9, 2026). On July 9, 2026, ICE detained him after he was released from a county jail in New York. *Id.*; Doc. 9 at 1. ICE placed Petitioner into removal proceedings before the Immigration Court. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (indicating an Immigration Court docketing date of July 21, 2026) ((last visited Nov. 17, 2026).

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent holds otherwise. Resp. at 1. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 17, 2026).

**II. Petitioner's Claims**

Liberally construed, Petitioner alleges his continued detention without a bond hearing violates his Fifth Amendment Due Process rights and "other applicable statutory" provisions, including 8 U.S.C. § 1226(a). Pet. at 6-7; *see also* Resp. at 1 (submitting "this matter is controlled by the Tenth Circuit's opinion" holding § 1226(a) applies to similarly

situated petitioners). Petitioner also alleges his detention has become prolonged and lacks procedural protections guaranteed by law. Pet. at 6. He asks the Court to "consider releasing [him] under supervised release or grant [him] a bond or any type of relief." *Id.* at 7. In a letter the undersigned construes as a Reply, Petitioner also asks the "court to provide [him] a burden shifted bond hearing or any type of relief so as not to prolong [his] detention." Doc. 10 at 1.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and Nationality Act at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond

hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner alleges his continued detention without a bond hearing violates his due process rights and § 1226(a). Pet. at 6-7. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A) but concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120,

at *2 (W.D. Okla. Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

**B. The proper remedy is a bond hearing.**

Petitioner seeks release, a bond hearing, "or any type of relief." Pet. at 7. He also asks the Court to order the burden to be shifted at any bond hearing. Doc. 10 at 1. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ

---

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

**C. The Court should decline to address Petitioner's due process claims.**

Petitioner also argues his prolonged detention without a bond hearing violates his rights to due process. Pet. at 6-7; *see also* Doc. 9 at 1 (alleging his detention has become prolonged as he has been detained for more than 11 months). If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of his due process claims based on continued or prolonged detention. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 24, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 1, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of November, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE